JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIBA KERMANSHAHI,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL JAME ADDINEH,<br><br>　　　　　　　　Respondent. | **Case No. CV 20-10781 FMO (RAOx)**<br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

## I.
## FACTUAL BACKGROUND

This is Respondent Michael Jame Addineh's third attempt to remove Petitioner Fariba Kermanshahi's Petition for Dissolution of Marriage, which was filed on August 16, 2017 in the Los Angeles County Superior Court, to this Court. Each of his prior attempts has been summarily remanded to superior court. *See Kermanshahi v. Addineh*, CV 20-1466 FMO (RAO), February 24, 2020 Order (Dkt. No. 8); *Kermanshahi v. Addineh*, CV 20-7303 RMO (RAO), August 26, 2020 Order (Dkt. No. 9). The instant attempt fares no better. Therefore, for the following reasons, the Court orders that the case be remanded.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (citations omitted)). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Respondent asserts that this Court has subject matter jurisdiction pursuant to Articles I and III of the U.S. Constitution because the case arises under the Fourth and Fifth Amendments to the Constitution. (Notice of Removal at 6.)

Generally, subject matter jurisdiction is established by either 28 U.S.C. §§ 1331 or 1332. *See Blondeel-Timmerman v. Sunset Bronson Servs., LLC*, No. CV 18-9504 PSG (JEMx), 2018 WL 7395156, at *1 (C.D. Cal. Dec. 13, 2018). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." A defendant may remove to federal court a

state court civil action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a).

The Court's review of the Notice of Removal and attached state court documents makes it clear that this Court does not have jurisdiction over the instant matter. First and foremost, as the Court has observed in remanding the prior cases, Respondent's arguments disregard the long-established well-pleaded complaint rule. That rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987). The Court's review of the Petition shows that there is no federal question apparent from the face of the Petition, which appears to be solely a petition for dissolution of marriage. Because the Petition does not present a federal question, the Court lacks jurisdiction under 28 U.S.C. § 1441.

Furthermore, Respondent has once again failed to meet his burden in establishing that diversity jurisdiction should apply. Section 1332(a) provides, in relevant part, that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

Respondent appears to assert that diversity of citizenship exists because Petitioner and Respondent, as well as unnamed other parties, are dual citizens of the United States and Iran. *See* Notice of Removal at 7. Respondent, however, identifies himself as a citizen of California but fails to identify the *state* citizenship of Petitioner. Instead, Respondent repeats verbatim his previous allegation that "Defendants/Petitioner and her agents as officer[]s of the Court may hold LLP are incorporated in a state other than California its principal places of business are unknown. Defendants may have several affiliates as LLC/ LLP and as corporation and medical Doctors and ethnical business that hold dual citizenship and doing

3

business in both places."  (Removal at 7.)  To the extent it is intelligible, Respondent's speculative assertion that Petitioner and unspecified others *may* have citizenship elsewhere is plainly insufficient to establish diversity of citizenship.  *See also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("[F]ailure to specify [party's] state citizenship was fatal to . . . assertion of diversity jurisdiction.")  Nor has Respondent asserted, or attempted to assert, that that the amount in controversy exceeds the sum or value of $75,000.  *See* Notice of Removal at 1-9.

In addition, the Court notes once again that it lacks jurisdiction pursuant to the domestic relations exception to diversity jurisdiction.  The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees."  *Ankenbrandt v. Richards*, 504 U.S. 689, 693-95, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992).  The underlying case here is a petition for dissolution of marriage, which appears to fall squarely within the domestic relations exception for suits requesting issuance of divorce decrees.  *Harper v. Farkas*, No. CV 18-10436 DDP (AGR), 2019 WL 95132, at *6 (C.D. Cal. Jan. 3, 2019) ("Diversity suits for divorce, alimony or child custody decrees fall outside federal jurisdiction.").

Finally, the Court finds, once again, that removal is untimely.  Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Here, Respondent does not allege that removal is timely. *See* Removal at 1-9.  The Petition was filed more than three years ago on August 16, 2017.  *See* Pet. at 1.  The Court takes judicial notice of Petitioner's filing of a proof of service on August 30, 2017 and Respondent's Response filed on September 18, 2017.[1]   *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is

---

[1] Case Information for Case No. 17STFL03457, Superior Court of County of Los Angeles, http://www.lacourt.org/casesummary/ui/index.aspx?casetype=civil, then search 17STFL03457.

well established that [courts] may take judicial notice of judicial proceedings in other courts."). Accordingly, Respondent's Notice of Removal is untimely. *See Deutsche Bank Nat. Tr. Co. v. Hixon*, No. CV 10-06491 DMG, 2010 WL 3911554, at *1 (C.D. Cal. Oct. 5, 2010) (finding defendant's filing of a demurrer to the complaint meant that defendant had received a copy of the complaint). Thus, the Court lacks jurisdiction.

For all the reasons set forth above, Respondent has not met and cannot meet his burden of proving that removal is proper.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Respondent's request to proceed *in forma pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: December 8, 2020

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

Rozella A. Oliver
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE